IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-00049-FL-3
NO. 4:12-CV-00176-FL

| | |
|---|---|
| WILLIE DEROD BEALE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This cause comes before the Court upon petitioner Willie Derod Beale's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-128). The government seeks to dismiss Beale's motion to vacate. (DE-134). Beale has responded to the motion to dismiss (DE-136) and, accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Beale's motion to vacate (DE-128) be DENIED and that the government's motion to dismiss (DE-134) be GRANTED.

I. **BACKGROUND**

On December 15, 2010, Beale pled guilty pursuant to a written plea agreement to

1

(1) attempted robbery of a business engaged in interstate commerce and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2; and (2) use, carrying, or possession of a firearm in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. (DE-63, DE-111, DE-139). In the plea agreement, Beale agreed, *inter alia*, to

> waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement 1, DE-111.

At the arraignment hearing, Beale testified, *inter alia*, that he had discussed his case and the plea agreement with his trial counsel; that he was satisfied with trial counsel's representation of him; and that he understood the charges against him. Arraignment Hr'g Tr. 13-15, DE-139. After engaging Beale in a lengthy colloquy, the presiding magistrate judge found that Beale's guilty plea was knowing, voluntary, and supported by an independent factual basis. *Id.* at 23:17-25. The proffer of evidence supporting the plea tended to show that on the evening of August 20, 2009, Beale, along with co-defendants James Earl Jones and Devontra Tyson, entered Jolly's Pawn Shop in Greenville, North Carolina, with the intent to commit armed robbery. Arraignment Hr'g Tr. 22:6-16. Jones and at least one of the two other men were armed. Upon entering, Jones fired a

round at one of the owners of the pawn shop. *Id.* at 22:17-19. The owner returned fire, striking Jones, and the three men fled. *Id.* at 22:19-20, 23:1-2. Based on interviews with witnesses and other individuals, Beale and his co-defendants were identified as the perpetrators shortly after the attempted armed robbery. *Id.* at 23:10-14.

In preparation for sentencing, the United States probation office submitted its presentence investigation report ("PSR") to the district court on March 4, 2011. (DE-79). The PSR indicated that both Jones and Tyson had identified Beale as their accomplice in the attempted robbery. PSR ¶ 10, DE-79. A fourth co-defendant, Charles Reynolds, who had driven the three men to the location, had also provided a full confession of his role. Although Beale submitted a written statement to the probation office on January 5, 2011 accepting responsibility for his role in the offenses, he later denied entering the pawn shop and asserted instead that he remained outside to serve as a lookout. *Id.* at ¶ 11. He also denied possessing a firearm. Because Beale's denial was inconsistent with acceptance of responsibility, the probation officer believed that no reduction in the offense level pursuant to 3E1.1 of the Sentencing Guidelines was warranted. *Id.* at ¶ 40. Without the three-level reduction for acceptance of responsibility, the total offense level for Beale was 20; his criminal history category was II. With this offense level and criminal history category, the recommended sentencing range for count one (attempted armed robbery) under the Sentencing Guidelines was 37 to 46 months' imprisonment. PSR ¶ 44. The term of imprisonment for count two, violation of 18 U.S.C. § 924(c), was 120 months, the minimum required by statute. *Id.* at ¶ 46.

3

Defense counsel objected to the PSR's factual description of the pawn shop robbery, asserting that Beale did not possess a firearm and served only as a lookout during the robbery. Addendum to the PSR ¶ 1, DE-79. Further, defense counsel argued that Beale should receive the benefit of acceptance of responsibility, despite his denial of specific conduct alleged during the offense. *Id.* at ¶ 2. The three-level decrease in the offense level would result in a guideline imprisonment range of 27-33 months. Defense counsel also submitted two sentencing memoranda and character letters on behalf of Beale to the district court. (DE-104, DE-105, DE-106).

At the sentencing hearing on June 2, 2011, defense counsel pursued his argument in favor of a three-level reduction for acceptance of responsibility, despite Beale's denial of having carried a firearm. Defense counsel also contended that only two firearms were used during the pawn shop robbery, as opposed to the three firearms reported in the PSR. Sentencing Hr'g Tr. 6:3-11. For its part, the government noted that the number of firearms involved in the offense was "totally irrelevant to the guideline calculation" because the only issue was whether Beale would receive credit for acceptance of responsibility. *Id.* at 8:15-16. In accordance with the plea agreement, the government asked the district court to grant Beale a three-level reduction in the offense level for acceptance of responsibility. Upon consideration of all of the evidence and arguments by the parties, the district court allowed the government's motion and granted Beale a three-level reduction for acceptance of responsibility. The district court then sentenced Beale to twenty-nine months' imprisonment on count one and the mandatory 120 months

for count two, resulting in a total term of imprisonment of 149 months. *Id.* at 14:8-11; (DE-109).

Beale did not appeal from the conviction and sentence. On July 5, 2012, the Court granted Beale's motion for extension of time to file his § 2255 petition. (DE-127). Beale filed the instant motion pursuant to 28 U.S.C. § 2255 on August 13, 2012. The government asserts that the motion to vacate is without merit and should be dismissed.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or

5

arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

**B. 28 U.S.C. § 2255**

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

**C.     Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v.

6

Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity"' . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings."' Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated– "permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

**D. Ineffective Assistance of Counsel**

Beale asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See* Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

With these legal precepts in mind, the undersigned considers the instant petition.

**III. ANALYSIS**

Beale asserts that his trial counsel failed to properly investigate and apply governing

precedent to his case. These claims are examined in turn.

### A. <u>Failure by Counsel to Investigate Facts of Case</u>

Beale asserts that his attorney "did not review [his] case or investigate it." Pet'r's Mot. Vacate 4, DE-128. Had he done so, Beale argues, his counsel would have realized that there was insufficient evidence to convict him of the charged offenses. This is so, claims Beale, because there was insufficient evidence to show he possessed a gun or participated in the planning of the robbery. Instead, Beale contends he is "factually and legally innocent" because "mere knowledge of a crime" does not constitute aiding and abetting. Pet'r's Resp. 1, DE-136. Beale asserts his counsel should have taken the case to trial or negotiated a better plea.

Beale's argument that counsel was ineffective is unavailing because Beale cannot show that counsel was deficient or that he was prejudiced due to counsel's omission. Contrary to Beale's assertions, sufficient evidence supports his guilty plea. Had the case gone to trial, the government was prepared to present evidence showing that Beale and his co-defendants, Jones and Tyson, planned and attempted to execute an armed robbery of Jolly's Pawn Shop. Both Jones and Tyson named Beale as their accomplice in the attempted armed robbery and presumably would have testified against him at trial. Co-defendant Reynolds, who drove the three men to the pawn shop, also gave a full confession and could have provided evidence at trial. Jones specifically told investigators that Beale entered the pawn shop in an attempt to commit armed robbery. Addendum PSR ¶ 1, DE-79. Jones's statement was corroborated by one of the pawn shop employees,

9

who told investigators that all three men entered the pawn shop. *Id.* The men wore masks to conceal their identities, at least two of them carried firearms, and there was some evidence indicating that all three men were armed. PSR ¶ 8, DE-79. Thus, there was sufficient evidence to show that Beale's role in the offense went well beyond "mere knowledge" and that he was guilty of the offenses to which he pled. Thus, Beale fails to show that his counsel erroneously advised him to plead guilty to an offense for which no factual basis existed.

Further, Beale's present claims of innocence and deficiency of counsel manifestly contradict the sworn statements he made during the Rule 11 plea colloquy conducted at his arraignment hearing. There, Beale testified that he had discussed the case with his attorney; that his attorney had answered all of his questions concerning the case and the decision to plead guilty; and that he was satisfied with his attorney's representation. Arraignment Hr'g Tr. 13-14, DE-139. Further, Beale testified that his attorney had reviewed with him the specific charges against him, as well as the maximum statutory punishment he might receive. Beale also indicated that he had "thoroughly read and review[ed] []his plea agreement with [his attorney] before [he] signed it," *id.* at 17:21-22, and that he understood "the terms, language, words and phrases used in [the] plea agreement." *Id.* at 18:1-2. Finally, Beale testified that he was in fact guilty of the charged offenses.

In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict

10

the sworn statements" made during a Rule 11 plea colloquy. Lemaster, 403 F.3d at 221-22; *see also* Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984) ("Although [the petitioner] would now seek to disregard any significance attaching to those statements he made [regarding his attorney's representation] while under oath, we do not view his vows as empty gestures. In the absence of clear and convincing evidence to the contrary, [the petitioner] must be bound by what he said at the time of his plea."). No such extraordinary circumstances are present here. Because the allegations set forth in Beale's § 2255 motion expressly contradict the sworn statements he made during his Rule 11 plea colloquy, Beale's unsubstantiated claim of ineffective assistance of counsel based on failure to investigate should be dismissed.

Beale has moreover arguably waived his right to pursue an ineffective assistance of counsel claim based on alleged error arising prior to entry of the plea agreement. The plea agreement precludes Beale from contesting his conviction or sentence "in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." Here, Beale alleges his counsel failed to adequately investigate the case prior to advising him to plead guilty. However, during the plea colloquy, Beale testified that he had reviewed and discussed the case with his attorney. His claims to the contrary are so "palpably incredible" and implausible as to warrant summary dismissal. United States v. White, 366 F.3d 291, 297 (4th Cir. 2004).

For all of these reasons, the undersigned RECOMMENDS that Beale's motion to vacate as to Ground One be DENIED and the government's motion to dismiss as to Ground One be GRANTED.

**B. <u>Ground Two: Failure by Counsel to Review Applicable Precedent</u>**

Beale alleges his counsel failed to review and apply to his case applicable precedent regarding the law of aiding and abetting. According to Beale, had counsel researched this area of law, he would have known that Beale could not be convicted of aiding and abetting. This argument rests entirely upon Beale's unsupported assertion that there was insufficient evidence to show that his role in the armed robbery attempt surpassed "mere knowledge" of his co-defendants' plans. Beale moreover claims that the statements given by his co-defendants were false. Pt'r's Mot. Vacate 6, DE-128. As discussed *supra*, however, Beale's belated claim of innocence contradicts the government's proffer of evidence, as well as Beale's own sworn testimony at the Rule 11 hearing. This argument is therefore subject to summary dismissal. Further, Beale fails to show prejudice or deficient performance by counsel. Beale appears to believe that, had his counsel been more diligent, he would have pursued a motion to dismiss the charges or proceeded to trial. Given the government's proffer of evidence against Beale, nothing in the record suggests that either avenue would have succeeded in securing a sentence less than the 149 months Beale received. Instead, the record reflects that counsel for Beale negotiated a favorable plea agreement, thereby obtaining for his client a three-level reduction in the offense level for acceptance of responsibility, despite denial of specific conduct by Beale and despite the

probation officer's recommendation that such reduction be denied. Counsel filed several sentencing memoranda and successfully argued in favor of a sentence on the lower end of the Sentencing Guidelines. Because Beale fails to show deficient performance by counsel or prejudice arising therefrom, his claim of ineffective assistance of counsel may not be sustained.

For these reasons, the undersigned RECOMMENDS that Beale's motion to vacate as to Ground Two be DENIED and the government's motion to dismiss be GRANTED.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Beale's motion to vacate (DE-128) be DENIED and that the government's motion to dismiss (DE-134) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Tuesday, January 8, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE