IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-0049-FL-3
No. 4:12-CV-176-FL

| | |
|---|---|
| WILLIE DEROD BEALE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion for reconsideration under Federal Rule of Civil Procedure 60(b). By order entered March 25, 2013, the court dismissed petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. On July 2, 2013, this court granted petitioner's motion for extension of time to appeal, and petitioner filed a notice of appeal on July 17, 2013. Petitioner now asks the court for the relief sought in his § 2255 motion, asserting an additional basis for a claim based upon ineffective assistance of counsel, where counsel failed to file a notice of appeal.

The relief that is requested in petitioner's Rule 60(b) motion is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the court must recharacterize it as a § 2255 petition. United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir.2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence").

A second or successive petition must be certified by the court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205.

Given that the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motion, it is properly construed as a second or successive § 2255 petition, and this Court is without jurisdiction to consider it in the absence of pre-filing authorization. Petitioner is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. See United States v. Brown, 132 F. App'x 430, 431 (4th Cir.2005).

## CONCLUSION

Based on the foregoing, petitioner's motion for reconsideration is DENIED. A certificate of appealabilty is also DENIED, where petitioner has not met the standard for issuance of a certificate of appealability as to the dismissal of petitioner's re-characterized § 2255 motion. 28 U.S.C. § 2253(c)(2) (2000).

SO ORDERED, this the 23rd day of September, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge