IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-49-FL-3
NO. 4:16-CV-121-FL

| | | |
|---|---|---|
| WILLIE DEROD BEALE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (DE 183, 186), which challenge petitioner's conviction for discharging a firearm during and in relation to a crime of violence in light of the Supreme Court's rulings in Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319 (2019). The matter also is before the court on respondent's motion to dismiss, (DE 215), which was fully briefed, and petitioner's motion to strike, (DE 187). For the reasons that follow, the court grants respondent's motion to dismiss, denies petitioner's motions to vacate, and denies as moot petitioner's motion to strike.

**BACKGROUND**

On November 23, 2010, petitioner pleaded guilty to attempted Hobbs Act robbery and aiding and abetting same, in violation of 18 U.S.C. §§ 1915 and 2 (count one), and discharging a firearm during and in relation to a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c) and 2 (count two). On June 2, 2011, the court sentenced petitioner to 29 months' imprisonment on count one, and a consecutive term of 120 months' imprisonment on

count two, producing an aggregate custodial sentence of 149 months' imprisonment. Petitioner did not appeal his conviction or sentence.

Petitioner filed his first motion to vacate, set aside, or correct sentence on August 2, 2013, raising claims of ineffective assistance of counsel. The court denied the motion on March 23, 2013.

On June 10, 2016, the United States Court of Appeals for the Fourth Circuit granted petitioner's motion to file second or successive § 2255 motion. Petitioner filed the instant § 2255 motion on June 20, 2016, asserting that his § 924(c) conviction should be vacated in light of Johnson. On June 30, 2016, petitioner filed pro se amended motion to vacate, and motion to strike the June 20 motion. On August 1, 2016, respondent filed motion to stay the § 2255 proceedings pending the Fourth Circuit's resolution of United States v. Simms, No. 15-4640 (4th Cir.). The court granted the motion to stay on August 2, 2016. The Fourth Circuit decided Simms on January 24, 2019, but stayed the mandate pending the United States Supreme Court's decision in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019.

On July 19, 2019, the court lifted the stay and directed the parties to file supplemental briefing addressing the effect of Simms and Davis on petitioner's motions. The parties then requested further stay pending resolution of United States v. Ali, No. 15-4433 (4th Cir.), which the court granted. On January 16, 2020, the court lifted the stay and directed the parties to file supplemental briefing addressing whether the Fourth Circuit's decision in United States v. Mathis, 932 F.3d 242 (4th Cir. 2019), forecloses petitioner's claims. Respondent filed the instant motion to dismiss on January 29, 2020. On February 20, 2020, petitioner responded to motion to dismiss, conceding that Mathis establishes he is not entitled to habeas relief.

2

# DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  Id. § 2255(b).

B.  Analysis

Pursuant to 18 U.S.C. § 924(c), a person convicted of discharging a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum punishment of ten years' imprisonment for the first conviction.  18 U.S.C. § 924(c)(1)(A)(iii).  The sentence shall run consecutive to any sentence imposed for the predicate crime of violence or drug trafficking crime.  Id. § 924(c)(1)(A).  Section 924(c)(3) defines crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "force clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

Id. § 924(c)(3)(A)-(B).

Davis and Simms held that § 924(c)(3)(B) is unconstitutionally vague, thereby rendering invalid § 924(c) convictions based on the residual clause definition of crime of violence. Davis, 139 S. Ct. at 2336; United States v. Simms, 914 F.3d 229, 237 (4th Cir. 2019). The Davis and Simms decisions, however, do not call into question the constitutionality of § 924(c)(3)(A). Thus, if petitioner's predicate offense qualifies as a crime of violence under subsection (c)(3)(A) (the force clause), his conviction remains valid. See Mathis, 932 F.3d at 263-64.

Petitioner's predicate offense is attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951. The Fourth Circuit has held that substantive Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause. See id. at 265-66 (holding "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Attempted Hobbs Act robbery similarly qualifies as a crime of violence under the force clause where § 924(c)(3)(A) includes the "attempted use" of physical force within the definition of crime of violence. United States v. St. Hubert, 909 F.3d 335, 351–52 (11th Cir. 2018) ("Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force."), abrogated on other grounds by Davis, 139 S. Ct. at 2336; see also Hill v. United States, 877 F.3d 717, 718-19 (7th Cir. 2017); United States v. Wade, 458 F.3d 1273, 1278 (11th Cir. 2006); United States v. Holland, 749 F. App'x 162, 166 (4th Cir. 2018). Accordingly, petitioner's § 924(c) conviction remains valid, notwithstanding Davis and Simms.

C.  Certificate of Appealability

Having determined that petitioner is not entitled to relief, the court turns to whether a certificate of appealability should issue. A certificate of appealability may issue only upon a

4

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 215), DENIES petitioner's motions to vacate, (DE 183, 186), and DENIES AS MOOT petitioner's motion to strike, (DE 187). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of June, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge